NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

MEGAN NIBLEY, *Petitioner/Appellee*,

*v.*

JONATHAN HILLE, *Respondent/Appellant*.

No. 1 CA-CV 20-0256 FC
FILED 2-18-2021

Appeal from the Superior Court in Maricopa County
No. FC2016-003432
The Honorable Gregory Como, Judge

**REVERSED**

COUNSEL

Megan Nibley, Phoenix
*Petitioner/Appellee*

Gillespie, Shields, Goldfarb & Taylor, Phoenix
By DeeAn Gillespie Strub, Mark A. Shields
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Randall M. Howe joined.

---

**C R U Z**, Judge:

¶1        Jonathan Hille ("Father") appeals the superior court's order that he pay Megan Nibley ("Mother") a percentage of their child's preschool expenses.  Treating this appeal as a special action, we accept jurisdiction and reverse the portions of the March 12, 2020 order and June 22, 2020 amended order pertaining to reimbursement for preschool expenses.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        Mother and Father were divorced in 2017.  They have one child together ("Child"), who was born in 2015.  In January 2019, Mother filed a petition to modify legal decision making, parenting time, and child support.

¶3        The superior court held an evidentiary hearing in March 2019 and on May 17, 2019, ordered Father to pay child support in the amount of $1194.29 per month.  The court stated that it was "adopt[ing] the amounts set forth in the parties' [affidavits of financial information ("AFI")] for their portion of child care."  The child support worksheet reflects that the court gave Father a discretionary credit of $705 for his monthly childcare costs and Mother a discretionary credit of $1000 for her monthly childcare costs, minus $50 for a federal tax credit.  Mother's AFI stated that she had monthly childcare costs for Child totaling $1000, including $525 to $760 per month at Little Big Minds Preschool and $300 to $400 for Child's nanny.

¶4        Mother requested clarification about the May 17, 2019 order.  Among other things, she sought clarification with regard to Child's education expenses.  In June 2019, the court corrected the May 17, 2019 ruling nunc pro tunc:

> The Court finds that the May 17, 2019 Ruling inadvertently omitted education and education-related expenses from the orders on page 20.

. . . .

The Order is corrected to state:

> ***IT IS FURTHER ORDERED*** *that unreimbursed medical/dental/vision expenses,* ***education and education-related expenses (including pre-school, school, school supplies (including computer))***, *and agreed-upon extracurricular activities . . . shall be paid based on relative incomes at 70% by Father and 30% by Mother. . . .*

Father filed a notice of appeal from the May 17, 2019 order, but he later withdrew his appeal.

**¶5**         In December 2019, Mother filed a petition to enforce and for contempt, claiming that Father had not paid any portion of Child's preschool expenses. Father was not required to file a response, and he did not do so. *See* Ariz. R. Fam. Law P. ("ARFLP") 91(e), (l), 92 (a party served with a contempt petition may file a response but is not required to do so).

**¶6**         The superior court held an evidentiary hearing in March 2020. Father's attorney argued that the unreimbursed preschool expenses were built into the child support worksheet and "part of the child support. There's $1000[ ] in the child support worksheet on [Mother's] side that takes care of that." Mother testified that she paid $650 a month for Child's preschool and $350 a month for Child's nanny. Mother further testified that she had paid all of Child's preschool expenses for a period of eight months and that Father owed her $4259 for his 70% share. Father testified that he paid Child's nanny $180 a week ($720 per month) to care for Child in his home on Fridays.

**¶7**         The superior court found that Father did not pay for any of Child's preschool expenses for the 2019-2020 school year, and that Mother had paid all of those expenses without reimbursement from Father. The court rejected Father's argument that the child support worksheet already credited Mother $1000 for monthly childcare expenses including the cost of Child's preschool and ordered him to reimburse Mother $4259 for 70% of Child's preschool expenses.

**¶8**         Father timely appealed. The court's March 12, 2020 order was signed but did not contain ARFLP 78 language. Accordingly, we stayed the appeal, and the superior court entered an amended order with ARFLP 78(b) language. In our discretion, we treat this appeal as a special action and accept special action jurisdiction. *See Henderson v. Henderson*, 241 Ariz. 580,

585, ¶ 7 (App. 2017) (reviewing appeal as a special action because contempt findings are only reviewable by special action); *Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 35 (App. 2001) (this court lacks jurisdiction "over an appeal from a civil contempt adjudication").

## DISCUSSION

**¶9** Father argues the superior court abused its discretion by entering a judgment against him for preschool expenses separate and apart from his monthly child support obligation. We review child support awards for an abuse of discretion and accept the superior court's findings of fact unless they are clearly erroneous. *Engel v. Landman*, 221 Ariz. 504, 510, ¶ 21 (App. 2009). However, we review de novo the superior court's interpretation of the child support guidelines, and we "draw our own legal conclusions from facts found or implied in the judgment." *Id.* (citation and internal quotations omitted).

**¶10** Mother argues Father's appeal was untimely because he failed to appeal the amended May 17, 2019 order that Child's unreimbursed preschool expenses were to be paid 70% by Father and 30% by Mother. We disagree. Although Father did not appeal the May 17, 2019 order, he filed a timely appeal from the superior court's March 12, 2020 order that he reimburse Mother $4259 for 70% of Child's preschool expenses. And to the extent that Mother argues Father did not timely make the argument about the child support worksheet because he first raised it at the evidentiary hearing, we note that Father was not required to file a response before the hearing and was therefore permitted to "assert at trial any defense" to Mother's claim. *See* ARFLP 91(e), (l), 29(b).

**¶11** According to the Arizona Child Support Guidelines, the superior court "[m]ay add . . . [c]hildcare expenses that would be appropriate to the parents' financial abilities" to the basic child support obligation. Arizona Revised Statutes ("A.R.S.") section 25-320 app. § 9(B)(1). The decision to do so is discretionary. Similarly, the court may add to the basic child support obligation a child's education expenses. A.R.S. § 25-320 app. § 9(B)(1).

**¶12** Here, the superior court attributed Mother with $1000 per month for her childcare expenses on the child support worksheet and attributed to Father $705 per month for his childcare expenses. The child support worksheet did not attribute educational expenses to either party. The court based these amounts on Mother and Father's AFIs. Mother's AFI listed monthly childcare costs of $1000, including $525 to $760 per month

for Child's preschool and $300 per month for Child's nanny. At the evidentiary hearing on her petition to enforce and for contempt, Mother testified that she paid $650 per month for Child's preschool and $350 per month for Child's nanny, a total of $1000 per month. Father's uncontradicted testimony was that he paid Child's nanny $180 a week ($720 per month) to care for Child in his home.

¶13 The preschool listed in Mother's AFI is the same preschool Mother paid for in 2019-2020. Because the child support worksheet credited Mother for all of her childcare expenses, including Child's monthly preschool expenses, the court erred by separately ordering Father to reimburse Mother for 70% of the preschool expenses. Accordingly, we reverse the portions of the March 12, 2020 order and June 22, 2020 amended order pertaining to reimbursement for preschool expenses.

¶14 Father requests attorneys' fees on appeal pursuant to A.R.S. § 25-324. After considering the parties' financial resources and the reasonableness of the positions they have taken, we decline to award attorneys' fees. As the prevailing party, we award Father his costs on appeal upon compliance with ARCAP 21.

**CONCLUSION**

¶15 For the foregoing reasons, we reverse the portions of the superior court's March 12, 2020 order and June 22, 2020 amended order pertaining to reimbursement for preschool expenses.



AMY M. WOOD • Clerk of the Court
FILED: AA